# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VATENYCA O. GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1252-BMJ |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Vatenyca O. Gaines, seeks judicial review of the Social Security Administration's (SSA) denial of her application for disability insurance benefits (DIB). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 16], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.  Procedural Background**

On December 28, 2017, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff not disabled and, therefore, not entitled to DIB. AR 15-21. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-8. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 404.1520. Following this process, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since July 10, 2014, her alleged onset date. AR 17.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical spine, status post 1999 fusion; degenerative disc disease of the lumbar spine, status post discectomy at L4-5; degenerative joint disease of the right knee, status post total knee replacement; bilateral carpal tunnel syndrome; Hallus rigidus, plantar fasciitis of the left foot, status post arthosurface implant arthroplasty, left first metatarsophalangeal joint. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 18.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that Plaintiff could perform sedentary work with the following additional limitations:

> She can lift/carry 10 pounds frequently and occasionally. She can sit six hours during an eight-hour day. She can stand/walk two hours during an eight-hour day, but she needs to avoid uneven walking surfaces. She can frequently climb ramps and stairs. She can occasionally kneel and crouch. She cannot crawl or climb ladders, ropes, or scaffolds. She can frequently grip, handle, finger, and feel.

*Id.* at 18-19; *see also* 20 C.F.R. § 404.1567(a) (defining sedentary work).

At step four, relying on a vocational expert's (VE) testimony, the ALJ determined Plaintiff is capable of performing her past relevant work as an insurance customer service representative. AR 21. Based on this finding, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.*

**III.     Claims Presented for Judicial Review**

Plaintiff alleges the ALJ erred in: (1) assessing her obesity and her shoulder impairment; (2) evaluating her subjective symptoms; and (3) evaluating medical evidence. Pl.'s Br. [Doc. No. 25] at 9-18, 18-25, 25-27. As explained below, the Court finds no grounds for reversal.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

**V.     Analysis**

    **A.     Evaluation of specific impairments**

        **1.     Obesity**

Plaintiff first alleges that the ALJ erred in failing to consider Plaintiff's obesity at steps two and four of the sequential evaluation process. Pl.'s Br. at 11-15. Plaintiff is correct that the medical evidence of record indicates that Plaintiff was obese, yet the ALJ did not find obesity to be a medically determinable impairment at step two. *See id.* at 12-13; AR 17-18. To the extent such omission was erroneous, however, it would be harmless because "the ALJ reached the proper conclusion that [Plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

3

Relying on Social Security Ruling 02-1p, Plaintiff argues that the ALJ was required to consider the effects of obesity at step four when determining Plaintiff's RFC. Pl.'s Br. at 11-15. This ruling, however, also specifies that an ALJ "will not make assumptions about the severity or functional effects of obesity combined with other impairments." SSR 02-1p, 2002 WL 34686281, at *6 (Sept. 12, 2002); *Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015). Instead, the ALJ must "evaluate each case based on the information in the case record." SSR 02-1p, 2002 WL 34686281, at *6; *Rose*, 634 F. App'x at 637. And the Tenth Circuit does not require an ALJ to "note the absence of any evidence that her obesity resulted in additional functional limitations or exacerbated any other impairment." *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015).

Indeed, the Tenth Circuit has determined that an ALJ's failure to explicitly discuss a claimant's obesity during the formulation of the claimant's RFC is not grounds for remand when the claimant has "not discuss[ed] or cite[d] to any evidence showing that obesity further limited" the claimant's RFC more than the ALJ's final determination. *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (finding remand was not warranted despite the court's conclusion that the ALJ "could have provided a more particularized discussion of the effects of [the plaintiff's] obesity on" his RFC); *see also, e.g., Smith*, 625 F. App'x at 899 (affirming when the ALJ concluded the plaintiff's obesity was a severe impairment but "never analyzed or discussed [the plaintiff's] obesity, including in [the ALJ's] RFC analysis").

Here, Plaintiff points to no omitted functional limitation that was necessary in light of her obesity, cites no evidence of her obesity's impact, and "has not shown that her obesity alone, or in combination with other impairments, resulted in any further limitations" or precluded her from performing less than the full range of sedentary work. *Smith*, 625 F. App'x at 899 (citing SSR 02-1p, 2002 WL 34686281); *see* Pl.'s Br. at 11-15. *See also Rose*, 634 F. App'x at 637 (finding that

4

"the factual record does not support [the plaintiff's] position that her obesity, either alone or in combination with other conditions, precludes her from performing a limited range of sedentary work" when plaintiff "point[ed] to no medical evidence indicating that her obesity resulted in functional limitations" (internal alterations, quotation marks, and citation omitted)); *Callicoatt v. Astrue*, 296 F. App'x 700, 702 (10th Cir. 2008) (rejecting challenge to ALJ's failure to consider plaintiff's obesity where plaintiff pointed to no evidence or testimony "showing that her obesity exacerbated her other impairments"); *Berry v. Saul*, No. CIV-18-1191-HE, 2019 WL 5295551, at *2 (W.D. Okla. Oct. 1, 2019) (R&R), adopted, 2019 WL 5295524 (W.D. Okla. Oct. 18, 2019) (rejecting plaintiff's challenge to ALJ's consideration of obesity where plaintiff presented no evidence of obesity's effect on her functional limitations); *Woods v. Colvin*, No. CIV-13-763-HE, 2014 WL 2801301, at *5 (W.D. Okla. May 28, 2014) (R&R), adopted, 2014 WL 2801304 (W.D. Okla. June 19, 2014) (rejecting claimant's challenge to ALJ's consideration of obesity where claimant "fail[ed] to state what 'sufficient limitations' the ALJ *should* have included").

Instead, Plaintiff points to a diagnosis of "'end state' arthritis in her knees," references to reconstructive surgery of "'weight bearing joint[s],'" and "a history of impairments that obesity may affect." Pl.'s Br. at 13. But an argument that obesity "may" affect Plaintiff's impairments is not enough; instead Plaintiff must provide evidence that her obesity actually caused functional limitations. *See Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) (explaining that the plaintiff "must provide evidence of [her] functional limitations"). Plaintiff has not done so with respect to her musculoskeletal impairments.

Nor has Plaintiff done so with respect to any other impairments. Plaintiff argues that the ALJ found that her gastroesophageal impairments were not medically determinable impairments and, thus, impermissibly avoided considering the effects of Plaintiff's obesity on those

5

impairments. Pl.'s Br. at 13-14. Plaintiff is incorrect. As an initial matter, the ALJ did not find that Plaintiff's gastroesophageal impairments were not medically determinable impairments, rather he found that they were non-severe. AR 16 (defining "severe" and "not severe"), 18 (finding the record did not document functional limitations related to Plaintiff's gastroesophageal impairments). Additionally, as set forth above, Plaintiff does not provide any record evidence to dispute the ALJ's determination that there was no documentation of gastroesophageal-related functional limitations. *See* Pl.'s Br. at 13-14. Accordingly, this argument does not warrant remand.

### 2. Shoulder impairment

Plaintiff next argues that the ALJ erred in failing to consider her shoulder impairment. *Id.* at 15-18. Plaintiff points to her complaints of shoulder pain in 2013, which the Court notes is prior to her alleged onset date, and then asserts that she "again began experiencing significant shoulder pain" in 2017. *Id.* at 15. While Plaintiff's statements are technically true, the Court finds them disingenuous. Other than complaints in 2013, the medical record reflects only a one-time complaint of shoulder pain, on April 17, 2017. AR 488-500. On this date, Plaintiff reported right shoulder pain that had started the day previously. *Id.* at 489. Physician assistant Christina Helms diagnosed Plaintiff with acute pain of right shoulder, adhesive capsulitis of right shoulder; prescribed ibuprofen; and ordered x-rays. *Id.* at 492-94. As Defendant notes, the ALJ rendered his decision on December 28, 2017, less than one year after April 17, 2017. Def.'s Br. [Doc. No. 30] at 13. As such, any right shoulder pain did not meet the requisite one-year time period to establish disability. *See Barnhart v. Walton*, 535 U.S. 212 (2002) (explaining that both the

"impairment" and the "inability" must be expected to last not less than twelve months).[2] Moreover, Plaintiff has not presented evidence that her right shoulder pain caused any functional limitations that would require greater limitations than the lifting and manipulative limitations already included in the RFC. *See* Pl.'s Br. at 15-16. To be sure, though Plaintiff attempts to argue that her right shoulder pain causes "'a lot of pain'" and results in her only being able to "maybe 'read a couple lines' before needing to adjust her position due to the pain, Plaintiff does not provide support for such argument. *See id.* at 16 (citing AR 47). Rather, the hearing testimony that Plaintiff cites relates to pain on the *left* side of her neck and shoulder, not the *right* side. AR 47. Accordingly, this argument does not warrant remand.

### B. Evaluation of allegations of subjective symptoms

The Court will not disturb an ALJ's evaluation of a claimant's symptoms, if they are supported by substantial evidence, because such "determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008). In making such a determination, the ALJ may consider numerous factors, including objective medical evidence; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain; medication used for relief of pain or other symptoms; and other measures used to relieve pain. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304 (eff. March 28, 2016), at *4, *7-8; *Wilson v. Astrue*, 602 F.3d 1136, 1144-45 (10th Cir. 2010).

According to Plaintiff, the ALJ erred in this analysis because he: (1) failed to evaluate Plaintiff's pain; (2) misstated factual evidence; and (3) improperly relied on minimal daily activities. *See* Pl.'s Br. at 18-25. The Court finds any error is harmless.

---

[2] Defendant also correctly notes that a physician's assistant made the diagnosis, which does not qualify to establish a medically determinable impairment for Plaintiff. Def.'s Br. at 13 (citing 20 C.F.R. §§ 404.1502(a)(8), .1521).

7

To begin, the ALJ detailed Plaintiff's testimony regarding what "keeps her from working" as including a total knee replacement; limited movement caused by her neck fusion; two back surgeries; daily back pain; right knee replacement that is now improved; failing left knee; tingling, limited mobility, and dropping things caused by carpal tunnel syndrome; difficulty lifting heavy items; difficulty standing for longer than 10 to 15 minutes; and pain interfering with sleep. AR 19. Plaintiff alleges this list failed to consider the location, duration, frequency, and intensity of her pain. Pl.'s Br. at 21-23. But the Court finds no error. That is, the ALJ specifically mentioned Plaintiff's allegations of pain and he stated that he was considering "all symptoms" in his assessment. AR 19. The Court takes the ALJ at his word, *see Wall*, 561 F.3d at 1070, and finds he had no legal duty to identify each of Plaintiff's specific statements as credible or incredible. *See Keyes–Zachary*, 695 F.3d at 1170 (rejecting plaintiff's allegation "the ALJ did not adequately analyze or discuss her hearing testimony" because an ALJ is not required to "identif[y] any specific incredible statements," so long as the ALJ "indicat[es] to what extent he credited what [the claimant] said when determining the limiting effect of [the claimant's] symptoms"); *see also Poppa*, 569 F.3d at 1171 (explaining that Tenth Circuit precedent "does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility" (internal quotation marks, alterations, and citation omitted)).

Regarding Plaintiff's argument that "the ALJ's conclusions find little factual support," the Court finds no error. *See* Pl.'s Br. at 23. Attempting to counter the ALJ's statement that "[t]he medical record contains . . . no back issues reported after the [healing] period following surgery, and no knee treatment or mention of knee complaints after the healing period following surgery," Plaintiff argues that she was "diagnosed with lumbar radiculopathy" and cites to the record. *Id.*

(citing AR 20, 273, 322, 506). Those citations, however, reflect only that Plaintiff was diagnosed with lumbar radiculopathy in 2013 and do not contradict the ALJ's finding. *See* AR 273 (Feb. 22, 2013, intraoperative report), 322 (progress note from Feb. 4, 2016, annual "routine Pap and checkup" indicating that Plaintiff's list of diagnoses included lumbar radiculopathy, which was diagnosed on Feb. 12, 2013), 508 (April 17, 2017, progress note indicating that Plaintiff's list of diagnoses included lumbar radiculopathy, which was diagnosed on Feb. 12, 2013).[3] Additionally, Plaintiff is correct that she included pain in her feet, knees, and low back when discussing her history with the consultative examiner, and that the examiner found some pain and one instance of a slightly limited range of motion. Pl.'s Br. at 23 (citing AR 396, 402). But Plaintiff does not provide citation to medical evidence indicating that Plaintiff reported any issues to her treatment providers or sought treatment for her back, knees, or feet beyond the healing periods following surgery. Plaintiff has not shown that the ALJ misstated the evidence.

Turning to Plaintiff's remaining allegation – that the ALJ improperly relied on her minimal daily activities – the Court finds any error harmless. *See id. at* 23-25. That is, in restricting Plaintiff to less than the full range of sedentary work, it may or may not have been improper for the ALJ to rely on Plaintiff's ability to get her three young children ready for school and drive them to and from school daily; perform light housework with breaks and "spend much of the time sitting; prepare dinner; do some grocery shopping; attend to personal care needs independently; pay bills and handle finances; and spend time with her family." *See* AR 20. Regardless, the ALJ also relied on evidence of effective treatment and the opinion of the consultative examiner, which Plaintiff

---

[3] Plaintiff argues that the April 17, 2017, progress note lists the diagnoses as lasting from Feb. 12, 2013, through "present." But a closer reading indicates that "present" was included when the diagnosis was originally entered on Feb. 12, 2013, and had not been modified since that date. *See* AR 508.

does not challenge, as well as a comprehensive review of the medical record and all symptoms, which challenges the Court rejects. *Id.*; *see* Pl.'s Br. at 18-25. Accordingly, the Court finds no reversible error in the ALJ's analysis. *See Wilson*, 602 F.3d at 1145-46 (agreeing with plaintiff that evidence showing she financially needed an award of benefits "standing alone would be insufficient to support an adverse credibility finding" but affirming the Commissioner's decision because "[t]his was not, however, the only evidence relied upon by the ALJ"); *Scott v. Berryhill*, 695 F. App'x 399, 406 (10th Cir. 2017) (relying on the ALJ's other findings – which the plaintiff did not challenge – to hold "the ALJ's credibility assessment, while perhaps not perfect, is supported by substantial evidence"); *Bevel v. Saul*, No. CIV-18-1172-STE, 2019 WL 4738275, at *8 (W.D. Okla. Sept. 27, 2019) ("Because the ALJ provided rationales in addition to Plaintiff's 'activities of daily living,' the Court concludes that the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.").

    **C.**    **Evaluation of medical evidence**

Plaintiff contends that the ALJ created an ambiguity requiring remand when he gave partial weight to the opinion of Michael Hahn, M.D. Pl.'s Br. at 26-27. The ALJ explained that he was giving only partial weight because Dr. Hahn's opinion was "not consistent with the record as a whole. The limits imposed by Dr. Hahn were during the healing period from low back surgery; he did not offer permanent restrictions." AR 20. Despite Plaintiff's argument that "the reader is left to guess" which "portion of Dr. Hahn's records the ALJ found unpersuasive," the Court finds it reasonable to interpret the ALJ's statement as a reference to the restrictions mentioned in the previous paragraph of the ALJ's decision. Pl.'s Br. at 26. Specifically, the ALJ stated: "Her surgeon, Dr. Hahn imposed a 10-pound lifting restriction during the healing period." AR 20 (citing AR 261). The Court finds no reversible error. *See Keyes-Zachary*, 695 F.3d at 1166 ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that

correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense.").[4]

## VI. Conclusion

For the reasons set forth, the Commissioner's decision is AFFIRMED.

ENTERED this 4th day of December, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff further argues that the ALJ ignored notations of pain included in Dr. Hahn's treatment notes. Pl.'s Br. at 27 (citing AR 258-70). The Court notes that those treatment notes all date from 2013, which is prior to Plaintiff's alleged onset date. *See* AR 258-70. The Court further notes that Dr. Hahn's final entry indicates that Plaintiff's MRI scan indicated some scar formation, "but no significant neurologic compression" and he did not "see anything that would require surgical measures." AR 269. Finally, to the extent that Plaintiff asserts that it was error for the ALJ to indicate that he was rejecting limitations that he ultimately accepted, any error in favor of the Plaintiff does not constitute reversible error. *See, e.g., Wright v. Comm'r of Soc. Sec.*, No. CIV-17-1278-C, 2018 WL 4346706, at *5 (W.D. Okla. Aug. 10, 2018) (finding an ALJ's error "in Plaintiff's favor does not constitute reversible error") (R&R), adopted, 2018 WL 4344475 (W.D. Okla. Sept. 11, 2018); *cf. Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (holding ALJ does not commit reversible error when evidence adverse to claimant is tempered in claimant's favor). Plaintiff has shown no reversible error in the ALJ's review of Dr. Hahn's medical records.